UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS LEWIS, SR.,

                      Plaintiff,

                                                  DECISION AND ORDER

                                                  04-CV-6128L

            v.

ROBERT POWER,
Superintendent of Buffalo Correctional
Facility,

                      Defendant.
_____

       Thomas Lewis, Sr., appearing *pro se*, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. On December 21, 2006, the Court sent petitioner a form, by signing which he could indicate his consent to the transfer of his case to a magistrate judge, together with a cover letter explaining that if both sides consented, the case would be so transferred, which would likely result in a more prompt decision being rendered on his petition than my own heavy caseload would allow.

       That letter was sent by mail to the Rochester Correctional Facility, which was the most recent address provided by petitioner. *See* Dkt. #12-1 at 3. On December 27, 2006, it was returned unopened, stamped "RETURN TO SENDER - NO FORWARD ADDRESS." The envelope also bore a handwritten notation, "Paroled 11/05/04."

       The New York State Department of Correctional Services Inmate Lookup internet service, http://nysdocslookup.docs.state.ny.us, confirms that petitioner was released from custody on

November 5, 2004.  The Court has received no papers or correspondence from him since October 2004, and he has not informed the Court of his post-release mailing address.

In light of these circumstances, the petition is dismissed for failure to prosecute.  Rule 41.2 of the Local Rules for the Western District of New York provides that in a civil case in which no action has been taken by the parties in six months," the Court may order the parties to show cause why the action should not be dismissed for failure to prosecute."  If the parties fail to respond to the order, the court may dismiss the action for failure to prosecute.  *See also* Fed. R. Civ. P. 41(b) (providing that court may dismiss an action for failure to prosecute).

The Second Circuit has directed district courts to consider five factors, none of which is dispositive, in deciding whether to dismiss an action for failure to prosecute:  (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) the likelihood that the defendant will be prejudiced by further delay; (4) the balance between the need to alleviate court calendar congestion and the plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions.  *United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Those factors weigh in favor of dismissal here.  Petitioner has taken no steps to prosecute this case in over two years.  In addition, the Court has been effectively prevented from warning petitioner that this action is subject to dismissal because of his own failure to keep the Court apprised of his address as required by Local Rule 5.2(d), which provides that a "party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant."  The rule further requires that "the Court must have a current address at all times.  Thus, a *pro se* litigant must inform the Court immediately in writing of any change of address.  Failure to do so may result

in dismissal of the case with prejudice." Since petitioner has failed to advise the Court of his current mailing address, it would be pointless to issue an order to show cause as contemplated by Local Rule 41.2, because petitioner's copy of that order would simply be returned as undeliverable.

In light of petitioner's apparent lack of interest in continuing to pursue this action, then, I see no reason to require defendants or the Court to continue to expend any further time or effort in this case. Petitioner himself has effectively ceased to seek his day in court, and since the Court has been unable to locate petitioner, no lesser sanction would be effective, since petitioner would be unaware that any sanction had been imposed. For all these reasons, therefore, this action is dismissed for failure to prosecute. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (court "may act *sua sponte* to dismiss a suit for failure to prosecute") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute").

## CONCLUSION

The petition for a writ of habeas corpus is dismissed for failure to prosecute.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 17, 2007.